UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Segue Software, Inc.

　　　　　Plaintiff,

v.

PCTEL, Inc.

　　　　　Defendant.

Civil Action No. 04 10388 MLW

## COMPLAINT

Plaintiff Segue Software, Inc. ("Segue" or "Plaintiff"), by its attorneys, for its Complaint against PCTEL, Inc. ("PCTEL" or "Defendant") hereby alleges as follows:

### INTRODUCTION

1.　Segue is a software company that has exclusive and incontestable rights in the federally registered trade and service mark SEGUE (the "SEGUE Mark"). This case arises out of the use of the SEGUE Mark by Defendant in conjunction with certain of its hardware and software products. Segue has never authorized or licensed Defendant to use the SEGUE Mark and Defendant's use of the SEGUE Mark is a violation of federal and state trademark and consumer protection law.

### THE PARTIES

2.　Segue is a Delaware corporation with its principal place of business at 201 Spring Street, Lexington, Massachusetts 02421.

3.　Upon information and belief, Defendant is a Delaware corporation with its principal place of business at 8725 W. Higgins Road, Suite 400, Chicago, Illinois 60631. Upon information and belief, Defendant conducts business in the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

4.      This is a civil action for, *inter alia*, trademark infringement, false designation of origin, and dilution of Plaintiff's federally registered trademark in violation of the laws of the United States and for various pendent state and common law violations. This Court has subject matter jurisdiction over the claims stated herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

5.      Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) because this is the judicial district where (i) a substantial part of the events or omissions giving rise to the claim occurred; and (ii) where Defendant resides and/or conducts business.

## ALLEGATIONS OF FACT COMMON TO ALL CLAIMS FOR RELIEF

6.      Segue has for many years been engaged in the manufacture and licensing of computer software used to monitor and test the performance, reliability, and quality of computer software operating within networked systems.

7.      At least as early as January 31, 1993, Segue adopted and began to continuously use in commerce the trade and service mark SEGUE to identify its goods and services and itself as a company.

8.      Since 1993, Segue has invested millions of dollars and substantial amounts of time and effort in developing, establishing, and promoting the SEGUE Mark in various media (including without limitation its website at www.segue.com), and, as a result, the mark has become widely known in the industry as identifying high quality goods and services emanating from Segue. The substantial goodwill of the business connected with the use of, and symbolized by, the SEGUE Mark is an extremely valuable asset of Segue.

9. Segue is the owner of incontestable U.S. Registration No. 2,063,140, issued May 20, 1997, for the SEGUE Mark, for use in connection with "computer software for automated software testing, and instructional manuals therefor, all sold or licensed as a unit," in International Class 9.

10. Segue is also the owner of U.S. Registration No. 2,227,422, issued March 2, 1999, for the mark SILK WEB SOFTWARE TESTING FROM SEGUE [& design], for use in connection with "[c]omputer software, namely, software tools for testing interactive software applications which are designed to operate in connection with publicly accessible computer information networks," in International Class 9.

11. Segue is also the owner of Massachusetts Registration No. 63961, issued February 23, 2004, for the SEGUE Mark, for use in connection with "computer software for automated software testing, and instructional manuals therefor, all sold or licensed as a unit," in International Class 9.

12. Upon information and belief, on or about October 29, 2002, Defendant filed an intent-to-use application (Serial No. 78/179,504) with the United States Patent and Trademark Office to register the mark SEGUE [& design] for "computer hardware and communications software for connecting wireless computer network users, and instructional manuals sold as a unit" in International Class 9.

13. The goods described in Defendant's application are very similar and closely related to the goods offered by Segue and claimed in its registrations. They are likely to be marketed and sold to the same classes of purchasers and through the same channels of trade. Indeed, for example, a customer could use Segue's goods to monitor and test the performance of Defendant's intended goods.

14. Upon information and belief, Defendant began using the SEGUE Mark in commerce in the first or second quarter of 2003 in conjunction with a new computer hardware and software "product group." Individual products in that product group include but are not limited to, "Segue Roaming Client," "Segue SoftAP," and "Segue Analyzer."

15. Plaintiff Segue's automated testing products are described on its website as "automated application testing solutions [that] provide complete functional, regression and load testing for both Web and client/server-based applications, including sophisticated scheduling and reporting, advanced automation for complete unattended testing, and customized services and training."

16. Defendant similarly describes its "Segue Analyzer" on its website as a "complete WLAN analysis and test system" that "monitors traffic, identifies regions and sources of interference, detects unwanted subscribers and access points, reports throughput, and measures network and radio parameters."

17. Upon information and belief, Defendant was a "Premier Sponsor" and "featured exhibitor" at a wireless networking conference held between June 26-27, 2003 at the World Trade Center in Boston, Massachusetts (the "Boston Expo"). Upon information and belief, at the Boston Expo, Defendant "demonstrate[d] the entire Segue product line, including its Wi-Fi and dual-mode Roaming Client, Network Gateway and Controller, and the recently announced Segue SAM soft access point product and Segue Analyzer handheld Wi-Fi test tool."

18. Defendant maintains a website available in Massachusetts, www.pctel.com, that permits users to download its "Segue Roaming Client" software.

19. Upon information and belief, Defendant has allowed other commercial websites available in Massachusetts, including but not limited to www.tucows.com,

4

www.brothersoft.com, and www.download.com, to distribute its "Segue Roaming Client" software through internet accessible downloading.

20. Upon information and belief, Defendant has granted a distribution license for products that feature the SEGUE Mark to YDI Wireless, Inc. ("YDI Wireless"), a company with a principal office in Massachusetts.

21. Upon information and belief, Defendant has licensed products that feature the SEGUE Mark to companies that operate nationwide, including Cingular Wireless and AT&T Wireless. According to two published reports available on Defendant's website, "PCTEL's customers have deployed the Segue Roaming Client worldwide. The client has been bundled with 802.11 chipsets and licensed to major carriers within and outside the U.S."

22. Segue has never authorized or licensed Defendant to use the SEGUE Mark.

23. The use and registration by Defendant of a mark which is virtually identical to Segue's registered SEGUE Mark, on or in connection with goods that are so closely related Segue's goods, is likely to cause confusion, mistake, and deception among Segue's customers, potential customers, and the general public, to the irreparable harm and detriment of Segue and the goodwill it has developed in the SEGUE Mark.

## COUNT I
### (Trademark Infringement—15 U.S.C. § 1114)

24. Segue repeats and realleges the allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

25. As described above, Segue is the owner of incontestable U.S. Registration No. 2,063,140, issued May 20, 1997, for the SEGUE Mark.

26. Segue's ownership and use in commerce of the SEGUE Mark predates the use by Defendant of the SEGUE Mark. Segue's federal registration of the SEGUE Mark also predates the use by PCTEL of the SEGUE Mark.

27. Defendant is and was at all relevant times at least constructively aware of Segue's prior use, ownership, and registration of the SEGUE Mark, and Defendant's conduct is therefore willful and intentional.

28. Defendant uses the SEGUE Mark in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of its goods or services.

29. Defendant's use in commerce of the SEGUE Mark, as described above, constitutes trademark infringement in violation of 15 U.S.C. § 1114 in that it is without Segue's consent and is likely to cause confusion, mistake, and/or deception with respect to Segue's registered trademark, all to the irreparable injury of Segue and the goodwill it has developed in the SEGUE Mark.

30. As a direct and proximate result of Defendant's violations of 15 U.S.C. § 1114, Segue has been and will continue to be damaged.

31. Upon information and belief, Defendant has realized, and continues to realize, substantial profits and other benefits rightfully belonging to Segue as a result of its wrongful conduct.

32. Defendant's conduct is causing and will continue to cause Segue to suffer irreparable harm and, unless Defendant is restrained, Segue will continue to be so damaged, because it has no adequate remedy at law.

## COUNT II
### (False Designation of Origin—15 U.S.C. § 1125(a)(1)(A))

33. Segue repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

34. As described above, since at least as early as 1993, Segue has been the continuous owner of, and has continuously used and exercised valid trademark rights in, the distinctive SEGUE Mark.

35. As described above, Segue is the owner of incontestable U.S. Registration No. 2,063,140, issued May 20, 1997, for the SEGUE Mark.

36. Segue's ownership and use in commerce of the SEGUE Mark predates the use by Defendant of the SEGUE Mark. Segue's federal registration of the SEGUE Mark also predates the use by Defendant of the SEGUE Mark.

37. Defendant is and was at all relevant time at least constructively aware of Segue's prior use, ownership, and registration of the SEGUE Mark, and Defendant's conduct is therefore willful and intentional.

38. Defendant uses the SEGUE Mark in interstate commerce in connection with its goods or services.

39. Defendant's use of the SEGUE Mark, as described above, constitutes false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) in that it is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Segue and/or as to the origin, sponsorship, or approval by Segue of Defendant's goods, services, or commercial activity, all to the irreparable injury of Segue and the goodwill it has developed in the SEGUE Mark.

40. As a direct and proximate result of Defendant's violations of 15 U.S.C. § 1125(a)(1)(A), Segue has been and will continue to be damaged.

41. Upon information and belief, Defendant has realized, and continues to realize, substantial profits and other benefits rightfully belonging to Segue as a result of its wrongful conduct.

42. Defendant's conduct is causing and will continue to cause Segue to suffer irreparable harm and, unless Defendant is restrained, Segue will continue to be so damaged, because it has no adequate remedy at law.

## COUNT III
### (Trademark Infringement—Mass. Gen. Laws ch. 110B, § 11)

43. Segue repeats and realleges the allegations contained in paragraphs 1 through 42 above as if fully set forth herein.

44. Segue is the owner of Massachusetts Registration No. 63961, issued February 23, 2004, for the SEGUE Mark.

45. Defendant is and was at all relevant times at least constructively aware of Segue's prior use and ownership of the SEGUE Mark, and Defendant's conduct is therefore willful and intentional.

46. Defendant's use in commerce of the SEGUE Mark, as described above, constitutes trademark infringement in violation of Mass. Gen. Laws ch. 110B, § 11, in that it is without Segue's consent and is likely to cause confusion, mistake, and/or deception as to the source or origin of such goods or services.

47. As a direct and proximate result of Defendant's violations of Mass. Gen. Laws ch. 110B, § 11, Segue has been and will continue to be damaged.

48. Upon information and belief, Defendant has realized, and continues to realize, substantial profits and other benefits rightfully belonging to Segue as a result of its wrongful conduct.

49. Accordingly, pursuant to Mass. Gen. Laws ch. 110B, § 12, Segue is entitled to injunctive relief against Defendant's continued use of the SEGUE Mark.

## COUNT IV
### (Common Law Trademark Infringement)

50. Segue repeats and realleges the allegations contained in paragraphs 1 through 49 above as if fully set forth herein.

51. As described above, since at least as early as 1993, Segue has been the continuous owner of, and has continuously used and exercised valid trademark rights in, the distinctive SEGUE Mark.

52. Segue's ownership and use in commerce of the SEGUE Mark predates the use by Defendant of the SEGUE Mark.

53. Defendant is at least constructively aware of Segue's prior use and ownership of the SEGUE Mark, and Defendant's conduct is therefore willful and intentional.

54. Defendant's use in commerce of the SEGUE Mark, as described above, constitutes common law trademark infringement in that it is without Segue's consent and creates and will continue to create a substantial likelihood of injury to business reputation or of the distinctive quality of the SEGUE Mark.

55. As a direct and proximate result of Defendant's common law trademark infringement, Segue has been damaged and will continue to be damaged.

56. Upon information and belief, Defendant has realized, and continues to realize, substantial profits and other benefits rightfully belonging to Segue as a result of its wrongful conduct.

57. Defendant's conduct is causing and will continue to cause Segue to suffer irreparable harm and, unless Defendant is restrained, Segue will continue to be so damaged, because it has no adequate remedy at law.

## COUNT V
### (Unfair Competition—Mass. Gen. Laws ch. 93A)

58. Segue repeats and realleges the allegations contained in paragraphs 1 through 57 above as if fully set forth herein.

59. Segue and Defendant are persons engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws ch. 93A, § 11.

60. As described above, since at least as early as 1993, Segue has been the continuous owner of, and has continuously used and exercised valid trademark rights in, the distinctive SEGUE Mark.

61. As described above, Segue is the owner of incontestable U.S. Registration No. 2,063,140, issued May 20, 1997, and Massachusetts Registration No. 63961, issued February 23, 2004, for the SEGUE Mark.

62. Segue's ownership and use in commerce of the SEGUE Mark predates the use by Defendant of the SEGUE Mark. Segue's federal registration of the SEGUE Mark also predates the use by Defendant of the SEGUE Mark.

63. Defendant's acts, conduct, and practices described above occurred and are occurring primarily and substantially within the Commonwealth of Massachusetts.

64. Defendant is at least constructively aware of Segue's prior use, ownership, and federal registration of the SEGUE Mark, and Defendant's acts, conduct, and practices described above have been and are willful and/or knowing.

65. Defendant's acts, conduct, and practices described above, including without limitation the use of the SEGUE Mark in connection with the promotion, sale, or licensing of products in Massachusetts constitute unfair methods of competition and/or unfair or deceptive acts or practices, which are unlawful under Mass. Gen. Laws ch. 93A.

66. As a direct and proximate result of Defendant's violations of Mass. Gen. Laws ch. 93A, Segue has been damaged and will continue to be damaged.

## COUNT VI
### (Common Law Unfair Competition)

67. Segue repeats and realleges the allegations contained in paragraphs 1 through 66 above as if fully set forth herein.

68. Defendant's acts, conduct, and practices described above, including without limitation the use of the SEGUE Mark in connection with the promotion, sale, or licensing of products in Massachusetts constitute unfair methods of competition and/or unfair or deceptive acts or practices, which are unlawful under Massachusetts common law principles.

69. As a direct and proximate result of Defendant's acts, conduct, and practices described above, Segue has been damaged and will continue to be damaged.

## COUNT VII
### (Trademark Dilution—Mass. Gen. Laws ch. 110B, § 12)

70. Segue repeats and realleges the allegations contained in paragraphs 1 through 69 above as if fully set forth herein.

11

71. As described above, since at least as early as 1993, Segue has been the continuous owner of, and has continuously used and exercised valid trademark rights in, the distinctive SEGUE Mark.

72. Segue is also the owner of Massachusetts Registration No. 63961, issued February 23, 2004, for the SEGUE Mark.

73. Segue's ownership and use in commerce of the SEGUE Mark predates the use by Defendant of the SEGUE Mark.

74. Defendant's use in commerce of the SEGUE Mark, as described above, constitutes a violation of Mass. Gen. Laws ch. 110B, § 12, in that it is has caused and/or is likely to cause dilution of the distinctive quality of Segue's trademark, service mark, and trade name.

75. Accordingly, pursuant to Mass. Gen. Laws ch. 110B, § 12, Segue is entitled to injunctive relief against Defendant's continued use of the SEGUE Mark.

## **CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, Segue respectfully requests the following relief:

A. That this Court permanently enjoin Defendant, its employees, agents, servants, and all in privity with any of them, from using the SEGUE Mark, or any derivative thereof or any designation similar thereto, in commerce.

B. That this Court award Segue Defendant's profits and/or compensatory damages in an amount to be determined at trial.

C. That this Court order the United States Patent and Trademark Office, pursuant to 15 U.S.C. § 1119, to deny Defendant's application (Serial No. 78/179,504) to register the mark SEGUE [& design].

D. That this Court award Segue treble damages.

E. That this Court award Segue its attorneys' fees and costs; and

F.  That this Court award Segue such other and further relief that this Court deems just and proper.

## JURY DEMAND

Segue hereby demands a trial by jury.

Respectfully submitted,

SEGUE SOFTWARE, INC.,

By its attorneys,

Stephen D. Poss, P.C. (BBO # 551760)
Robert M. O'Connell, Jr. (BBO # 559667)
Mark S. Puzella (BBO # 644850)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
Phone (617) 570-1000
Facsimile (617) 523-1231

Dated: February 26, 2004

LIBA/1357494.1